```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOREATHA A. JORDAN,                             :
                                                :
                    Plaintiff,                  :         ORDER ADOPTING
                                                :         REPORT AND RECOMMENDATION
                                                :         07 CV 606 (DLI) (LB)
       -against-                                :
                                                :
NATIONAL POSTAL MAIL HANDLERS                   :
UNION, LOCAL 300; UNITED STATES                 :
POSTAL SERVICE,                                 :
                                                :
                    Defendants.                 :
----------------------------------------------------------X
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Doreatha A. Jordan ("Plaintiff") brings this action against defendant National Postal Mail Handlers Union, Local 300 (the "Union") pursuant to the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, alleging that the Union breached its duty of fair representation to Plaintiff. Plaintiff has also named the United States Postal Service (the "USPS"–together with the Union, "Defendants") as a defendant in the instant action "as a necessary party so that the Court can make it, as plaintiff's employer, a party to any judgment relating to plaintiff's employment rights and benefits." (Amended Compl. ¶ 7.)

The Union moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6). By order dated December 10, 2007, the court referred the motion to United States Magistrate Judge Lois Bloom who issued a Report and Recommendation ("Recommendation"), dated December 28, 2007, recommending dismissal of the instant action.[1] Plaintiff submitted timely objections to the Recommendation ("objections"), and the Union submitted a response in opposition to Plaintiff's objections.

For the reasons set forth below, the court adopts Judge Bloom's Recommendation in full, and

---

[1] Familiarity with Judge Bloom's Recommendation is assumed.

the Union's motion to dismiss is granted. In addition, Plaintiff's action against the USPS is dismissed.

**I.     Background**

The following relevant facts are taken from Plaintiff's amended complaint. Plaintiff was employed by the USPS as a full-time mail handler from January 1999 through May 2005, and has been, during all periods relevant to the instant dispute, a member in good standing of the Union.

Sometime prior to July 2003, the Union filed grievances on behalf of 148 employees, including Plaintiff, challenging (1) the USPS' abolishment of mail-handler positions and (2) the use of casual employees in other crafts to perform mail-handler work. The matters were submitted to arbitration, and the Union prevailed on both challenges. Subsequently, the USPS entered into two settlement agreements with the Union in order to comply with the arbitration awards.

The first settlement agreement (the "Abolishment Settlement") provided that all affected employees, current and former, would receive compensation and that the USPS was required to restore members to previous jobs and to otherwise make them whole. Under the Abolishment Settlement, the USPS was to make payments to current employees first and then to former employees, including Plaintiff. In Defendant's response to Plaintiff's objections, Defendant states that it has recently learned and informed Plaintiff that she will be awarded $6,007.10 as a part of the Abolishment Settlement, and distribution of this award will likely occur before the end of February 2008. (Def.'s Resp. to Pl.'s Objections 2 n.1.)

The second settlement agreement (the "Cross-Craft Settlement") provided that the USPS would pay lump sums to the Union for distribution. The Union determined that only current employees would receive compensation. Former employees, including Plaintiff, would receive no

compensation. Plaintiff alleges that "[m]any of the[] current employees who will be compensated with reference to the 'Cross-Craft' grievance were not even adversely affected by the USPS' actions at the time in question." (Amended Compl. ¶ 34.)

According to Plaintiff, the Union willfully breached its duty of fair representation to her in entering into these settlement agreements. She alleges that she and other former USPS employees were treated less favorably than current USPS employees and, thus, charges the Union with acting arbitrarily, unreasonably, discriminatorily, and in bad faith.

After careful consideration of Plaintiff's allegations with regard to both settlement agreements, Judge Bloom concluded that Plaintiff failed to state a claim upon which relief can be granted and recommended dismissal of the instant action. Plaintiff has filed timely objections, and Defendant has opposed Plaintiff's objections.

**II.    Discussion**

When reviewing a magistrate judge's report and recommendation, a district judge must review *de novo* those parts of the report and recommendation to which any party objects. *See* FED. R. CIV. P. 72(b). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

A union's duty of fair representation to its members is implied under the statutory scheme of the National Labor Relations Act, 29 U.S.C. § 151 *et seq. Carrion v. Enter. Ass'n*, 227 F.3d 29, 33 (2d Cir. 2000). When a union breaches its duty of fair representation to a union member in a grievance or arbitration proceeding, the Supreme Court has held that an employee may seek recourse by bringing an action against the employer and/or the union. *Id.* (citing, *inter alia*, *DelCostello v.*

3

*Int'l Bd. of Teamsters*, 462 U.S. 151, 164 & n.14 (1983)). The resulting action, alleging that the employer breached its collective bargaining agreement (the "CBA") and that the union breached its duty of fair representation, is known as a "hybrid § 301[2]/fair representation claim." *Id.* (citations omitted).

Plaintiff appears to have brought a hybrid § 301/fair representation claim against Defendants. In order for Plaintiff to prevail on this claim, she must prove that (1) the union breached its duty of fair representation to the union members and (2) the employer breached the CBA. *White v. White Rose Food*, 237 F.3d 174, 178-79 (2d Cir. 2001). The court need not reach the latter element because the court affirms Judge Bloom's view that Plaintiff has failed to satisfy the first element.

To resolve the question of whether the Union breached its duty of fair representation to Plaintiff, Judge Bloom applied a two-part test, evaluating (1) whether the Union's conduct was "arbitrary, discriminatory, or in bad faith" and (2) whether there was a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *White*, 237 F.3d at 179. Under the first prong, arbitrary conduct is defined as conduct "so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." *NLRB v. Local 282 Int'l Bd. of Teamsters*, 740 F.2d 141, 147 (2d Cir. 1984).

In her objection to Judge Bloom's Recommendation, Plaintiff does little more than repeat–practically verbatim–almost all of the arguments she made in her original submissions. She reiterates her earlier argument that the Union breached its duty of fair representation via the Abolishment Settlement by deciding that she, a former USPS employee, would be paid later than

---

[2]"Section 301" refers to section 301 of the LMRA, 29 U.S.C. § 185, which governs actions brought against employers for breach of CBAs.

current USPS employees. In addition, Plaintiff reiterates her argument that the Union breached its duty of fair representation via the Cross-Craft Settlement by deciding that only current USPS employees, and not former USPS employees such as Plaintiff, would receive compensation.

Plaintiff has failed to demonstrate that the terms of the Abolishment Settlement are arbitrary or discriminatory, or reflect bad faith on the part of the Union. There is no question that Plaintiff will receive her share of the settlement award–apparently $6,007.10 by the end of February 2008. The fact that current employees received their respective shares of the award earlier does not smack of arbitrariness, discrimination, or bad faith. Plaintiff's impatience or inconvenience does not alter this determination. Thus, the Union's conduct with respect to the first Abolishment Settlement does not constitute a breach of the Union's duty of fair representation.

Nor does the Union's conduct with respect to the Cross-Craft Settlement rise to the level of arbitrariness, discrimination, or bad faith. As Judge Bloom remarked, Plaintiff has not alleged any facts that, if proven, would indicate that the Union breached its duty of fair representation here. Recommendation 5-6. Plaintiff's sole allegations of breach are that only current employees received compensation from the Cross-Craft Settlement award and that "[m]any of these current employees . . . were not even adversely affected by the USPS' actions at the time in question." (Amended Compl. ¶ 33.) These allegations, by themselves, do not constitute "credible proof that demonstrate[], with reasonable preciseness, that a statutory bargaining agent has crossed the line of rationality and acted to the detriment of a member or members of the bargaining unit for reasons that are arbitrary, discriminatory, or in bad faith." *See Int'l Bros. of Teamsters, Local 101, AFL-CIO (Allied Signal Corp.)*, 308 NLRB 140, 144 1992 WL 202516 (N.L.R.B. Aug. 10, 1992) (internal quotation marks and citation omitted). The mere fact that only current employees, and not former employees,

5

received compensation from a settlement award does not, in itself, demonstrate that the Union breached its duty of fair representation. *See Steelworkers Local Union No. 2869 (Kaiser Steel Co.)*, 239 NLRB 982, 982, 1978 WL 8396 (N.L.R.B. Dec. 22, 1978) (finding that the union's "decision to limit distribution to those affected employees in the unit as of the date of settlement . . . simply constituted one of a series of reasonable, practical administrative determinations regarding those employees entitled to share in the settlement proceeds"); *Allied Signal Corp.*, 308 NLRB at 144 (holding that "[t]he fact that the negotiating process leads to a decision which does not meet everyone's perception of fairness is not itself offensive to th[e] standard"). Neither does the fact that some employees receiving a distribution may not have suffered loss prove discrimination or arbitrariness. *See Kaiser Steel Corp.*, 239 NLRB at 982-83 (declining to conclude that the union's distribution of a financial award was arbitrary, discriminatory, or in bad faith, even though some employees who received a distribution may not have suffered losses and others who suffered losses may not have received any distribution).

Plaintiff's reliance on *Ford v. Air Line Pilot's Ass'n Int'l,* 268 F. Supp. 2d 271, 285 (E.D.N.Y. 2003), is misplaced. In *Ford*, the court determined that the plaintiffs had stated a claim against their union for breach of its duty of fair representation where the union had negotiated work preservation clauses for the benefit of union members working at one company by agreeing to restricted work opportunities for other union members working at a different company. 268 F. Supp. at 287, 291. The facts in *Ford* are inapposite to the instant case involving the union's distribution of financial awards. Here, Plaintiff has alleged no facts to demonstrate that the Union expressly negotiated a benefit for current USPS employees to the detriment of former USPS employees. Thus, *Ford* provides no support for Plaintiff, and Plaintiff has failed to allege sufficient facts to demonstrate the

6

Union's arbitrariness, discrimination, or bad faith.[3]

Accordingly, Plaintiff's allegations do not state a claim for breach of the duty of fair representation against the Union and are, thus, dismissed. Furthermore, as correctly cited by Judge Bloom, "a union's breach of the duty of fair representation is a prerequisite to consideration of the merits of [a] plaintiff's claim against an employer for breach of a CBA." *Acosta v. Potter*, 410 F. Supp. 2d 298, 309 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). As the court has found that the Union did not breach its duty of fair representation, Plaintiff's action against the USPS must also be dismissed. Judge Bloom's Recommendation is consequently adopted in its entirety.

**III.   Conclusion**

The court adopts Judge Bloom's Recommendation in full, and the Union's motion to dismiss is granted. Furthermore, Plaintiff's action against the USPS is also dismissed.


SO ORDERED.


DATED:      Brooklyn, New York
            February 15, 2008

                                                        _____/s/_____
                                                          DORA L. IRIZARRY
                                                        United States District Judge

---

[3]As Plaintiff has not established this first element of her duty of fair representation claim, the court did not need reach the causation element of the claim. *See White*, 237 F.3d at 179.